IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMELIO CRUZ and MIGUEL FIGUEROA individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>ROYAL WATER DAMAGE RESTORATION, INC.,<br>Defendant | CIVIL ACTION<br><br>NO: |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Amelio Cruz and Miguel Figueroa ("Plaintiffs"), individually and on behalf of all other similarly situated current and former employees of Royal Water Damage Restoration, Inc., bring this action against Defendant for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiffs state the following as their claims against Defendant:

### I.

### OVERVIEW

1.  Plaintiffs bring claims to recover unpaid overtime compensation under § 216(b) of the FLSA. They bring these claims as a putative collective action, individually, and on behalf of and all current or former Laborers employed by Defendant from three years prior to the time of filing to the present.

## II.

## THE PARTIES

**Plaintiff**

2. Plaintiff Amelio Cruz is a citizen of the United States domiciled in the City of Philadelphia, State of Pennsylvania. Plaintiff Cruz was employed by Defendant, specifically as a Laborer, from approximately August 2016 to February 2017.

3. Plaintiff Miguel Figueroa is a citizen of the United States domiciled in the City of Philadelphia, State of Pennsylvania. Plaintiff Figueroa was employed by Defendant, specifically as a Laborer, from approximately May 2016 to September 2017.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiffs consent in writing to be a party to the FLSA claims asserted. Their consent forms are attached as Exhibits A and B hereto. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Plaintiffs and other Laborers are or were employees of Defendant within the meaning of the FLSA.

6. This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation.

7. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal rights of Plaintiffs and other similarly situated Laborers.

**Defendant**

8. Defendant Royal Water Damage Restoration, Inc. is a Pennsylvania for-profit corporation with its principal place of business located in Willow Grove, Pennsylvania. Defendant offers services of water damage repair, water removal, wet basement drying, mold remediation, and cleanup and repair caused by smoke, fire, floods and storms. Defendant offers services 24 hours a day, 7 days a week.

9. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

10. Plaintiffs, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

11. At all relevevant times, Defendant is or was an employer of Plaintiffs and other similarly situated Laborers within the meaning of the FLSA, 29 U.S.C. § 203(d).

### III.

### JURISDICTION

12. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiffs' claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the Eastern District of Pennsylvania.

## IV.

## VENUE

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## V.

## FACTS

14. Plaintiffs re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

15. Plaintiffs and the Collective are or were employed by Defendant as Laborers who assisted with water damage repair, water removal, wet basement drying, mold remediation, and cleanup and repair of damage caused by smoke, fire, floods and storms.

16. Defendant has suffered and permitted Plaintiffs to regularly work more than forty (40) in certain workweeks.

17. For example, during the week of September 10, 2017, Plaintiff Figueroa worked 63.5 hours but was not paid an overtime premium.

18. Upon information and belief, Defendant has also suffered and permitted the members of the Collective to work regularly work more than forty (40) in certain workweeks.

19. Plaintiffs and the Collective were not compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess

of forty (40) hours per workweek. Specifically, Defendant paid Plaintiffs and other Laborers a weekly salary without consideration of overtime.

20. Defendant is aware, or should have been aware, that Plaintiffs and members of the Collective performed work that required them to work overtime since Defendant assigned work schedules.

21. During their employment with Defendant, Plaintiffs' hours varied from week to week but nearly always required Plaintiffs to work in excess of forty (40) hours in a workweek.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

23. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former Laborers employed by Royal Water Damage Restoration, Inc. at any time since three (3) years prior to filing this Complaint.

24. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

25. Defendant suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime

compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

26. Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying Laborers, like Plaintiffs and the FLSA Collective, overtime as required by law.

27. Defendant is aware that it is and was not compensating Plaintiffs and the Collective properly for overtime.

28. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and FLSA proper overtime compensation for all hours worked over forty (40).

29. Defendant's failure to comply with the FLSA overtime protections caused Plaintiffs and the FLSA Collective to suffer loss of wages and interest thereon.

30. Plaintiffs and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed FLSA Collective, pray for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiffs and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendant for violation of the overtime provisions of the FLSA;

4. Judgment that Defendant's violations of the FLSA were willful;

5. An award to Plaintiffs and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. Such further relief as may be necessary and appropriate.

Respectfully Submitted:

*/s/ Kevin I. Lovitz*
Kevin I. Lovitz
kevin@lovitzlaw.com
LOVITZ LAW FIRM
One Liberty Place
1650 Market Street
36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-1996
Facsimile: (267) 319-7943

Philip Bohrer (to be admitted *pro hac vice*)
phil@bohrerbrady.com
Scott E. Brady (to be admitted *pro hac vice*)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

# ROYAL WATER DAMAGE RESTORATION, INC
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Royal Water Damage Restoration, Inc., and any other related entities or affiliates ("Defendant"), to recover overtime pay.

2. I designate Lovitz Law Firm and Bohrer Brady, LLC as my attorneys to pursue my claims in this matter.

3. During the past three years, there were occasions when I worked over 40 hours per week for Defendant as a laborer, and did not receive proper compensation for my overtime hours worked.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendant and any other related entities or affiliates.

Date: 10-31-17

Signature: *Amelio Cruz*

Print Name: Amelio Cruz JR

---

**Information Below Will Be Redacted in Filings with the Court.  Please Print or Type.**

Address: _____

City, State Zip: _____

Best Phone Number(s): _____

Email: _____

**LOVITZ LAW FIRM**
One Liberty Place, 1650 Market Street, 36th Floor, Philadelphia, Pennsylvania 19103
Fax: (267) 319-7943
Email: kevin@lovitzlaw.com



EXHIBIT A

# ROYAL WATER DAMAGE RESTORATION, INC
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Royal Water Damage Restoration, Inc., and any other related entities or affiliates ("Defendant"), to recover overtime pay.

2. I designate Lovitz Law Firm and Bohrer Brady, LLC as my attorneys to pursue my claims in this matter.

3. During the past three years, there were occasions when I worked over 40 hours per week for Defendant as a laborer, and did not receive proper compensation for my overtime hours worked.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendant and any other related entities or affiliates.

Date: 10-30-2017    _miguel figueroa III_
                    Signature

                    Miguel Figueroa III
                    Print Name

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**

Address: 14005 Erwin St

City, State Zip: Philadelphia, PA 19116

Best Phone Number(s): 267 596 1195 / 215 571 5132

Email: litocrx1@gmail.com

**LOVITZ LAW FIRM**
One Liberty Place, 1650 Market Street, 36th Floor, Philadelphia, Pennsylvania 19103
Fax: (267) 319-7943
Email: kevin@lovitzlaw.com



EXHIBIT B